AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

TERESITA SANTIAGO, RAMON LORENZO
And TERESITA SANTIAGO as the Mother and
Natural guardian of KAREN SANTIAGO DIAZ
and HENRY LORENZO, infants,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:   06 CV 7108

GREYHOUND LINES, INC.

TO: (Name and address of defendant)

GREYHOUND LINES, INC.
15110 NORTH DALLAS PKWY
DALLAS, TEXAS, 75248-4635

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Taub & Marder, Esqs.
450 7th Avenue - 37th Floor
New York, New York, 10123

an answer to the complaint which is herewith served upon you, within ___30___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

DATE   SEP 15 2006

_Marcos Quintero_
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE |||
|---|---|---|
| Service of the Summons and Complaint was made by me[1] || DATE |
| NAME OF SERVER *(PRINT)* || TITLE |
| *Check one box below to indicate appropriate method of service* |||
| ☐ | Served personally upon the defendant. Place where served: _____ ||
| ☐ | Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left: _____ ||
| ☐ | Returned unexecuted: _____ ||
| ☐ | Other *(specify):* _____ ||

| STATEMENT OF SERVICE FEES |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                                                      Signature of Server

                                                                              _____
                                                                              Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TERESITA SANTIAGO, RAMON LORENZO
And TERESITA SANTIAGO as the Mother and
Natural guardian of KAREN SANTIAGO DIAZ
and HENRY LORENZO, infants,

Civil Action No.:

                Plaintiffs,

**COMPLAINT**

- against -

**JURY TRIAL DEMANDED**

GREYHOUND LINES, INC.,

-----------------------------------------------------------x

06 CV 7108

Plaintiffs, TERESITA SANTIAGO, RAMON LORENZO and TERESITA SANTIAGO as the Mother and Natural guardian of KAREN SANTIAGO DIAZ and HENRY LORENZO, infants, by their attorneys, TAUB AND MARDER, respectfully allege, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF TERESITA SANTIAGO

1. Defendant, GREYHOUND LINES, INC., is a foreign corporation.

2. Defendant, GREYHOUND LINES, INC., is a Delaware Corporation.

3. Defendant, GREYHOUND LINES, INC., maintains its principal place in the State of Texas.

4. Defendant, GREYHOUND LINES, INC., operated a commuter bus line within the State of New York.

5. Defendant, GREYHOUND LINES, INC., operated said commuter bus line as a common carrier.

6. That in the course and scope of its conducting of business in the State of New York as a common carrier, Defendant, GREYHOUND LINES, INC.'s most significant contacts within the State of New York are in the County of New York in accordance with 28 USC Section 1391.

7. That the Plaintiffs herein are citizens and residents of Canada residing at 7058 Av De Chateaubriand, Montreal, Quebec, Canada.

8. This Court has jurisdiction over this matter based on diversity of citizenship of the parties and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a)(1).

9. At all times herein mentioned, Ronald Burgess was an employee of defendant, GREYHOUND LINES, INC.

10. At all times herein mentioned, Defendant, GREYHOUND LINES, INC., was the owner of a motor vehicle bearing Texas State registration number R7HW58, said vehicle being a 2000 MCI bus.

11. At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle.

12. At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle with the permission of Defendant, GREYHOUND LINES, INC.

13. At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle with the consent of Defendant, GREYHOUND LINES., INC.

14. At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle in the course and scope of his employment.

15. At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle in the course and scope of his employment with Defendant, GREYHOUND LINES, INC.

16. At all times herein mentioned, Defendant, GREYHOUND LINES, INC., maintained the aforesaid motor bus.

17. At all times herein mentioned, Defendant, GREYHOUND LINES, INC., managed the aforesaid motor bus.

18. At all times herein mentioned, Defendant, GREYHOUND LINES, INC., controlled the aforesaid motor bus.

19. At all times herein mentioned, Defendant, GREYHOUND LINES, INC., leased the aforesaid motor bus.

20. At all times herein mentioned, Plaintiff, TERESITA SANTIAGO, was a passenger in the aforesaid vehicle owned by Defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess.

21. At all times herein mentioned, Plaintiff, TERESITA SANTIAGO, was a passenger in the aforesaid vehicle owned by Defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess, having paid good and valuable consideration therefore.

22. At all times herein mentioned, I87 (Northway) in Elizabethtown, New York, was a public roadway and/or thoroughfare.

23. That on or about August 28, 2006, the aforementioned bus owned by defendant, GREYHOUND LINES, INC., and being operated by Ronald Burgess, was being operated northbound on I87 (Northway) within or near Elizabethtown, New York.

24. That on or about August 28, 2006, the aforementioned bus owned by defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess northbound on I87 (Northway) within or near Elizabethtown New York, was involved in an accident.

25. That on or about August 28, 2006, the aforementioned bus owned by defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess, northbound on Route 87, was caused, permitted and allowed to leave the roadway and to overturn.

26. That the aforesaid occurrence was caused wholly and solely by reason of the negligence, recklessness and carelessness of the Defendant, its agents, servants and employees, without any fault or negligence on the part of the Plaintiff contributing thereto.

27. That the Defendant, its agents, servants and employees, was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle in causing, permitting and allowing the vehicle to

leave the roadway and overturn; in failing to maintain proper, safe, lawful and requisite control of their motor vehicle and in otherwise being negligent herein.

28.    That solely and directly by reason of the foregoing, Plaintiff, TERESITA SANTIAGO, sustained serious injuries as same are defined by §5102(d) of the Insurance Law of the State of New York and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

29.    That Plaintiff, TERESITA SANTIAGO, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

30.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

31.    That solely and directly by reason of the foregoing, Plaintiff, TERESITA SANTIAGO, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings and has sustained psychiatric and emotional distress all to her damage in the amount of TWENTY FIVE MILLION ($25,000,000.00) DOLLARS.

32.    That solely and directly by reason of the foregoing, Plaintiff, TERESITA SANTIAGO, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings all to her damage in an amount that exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RAMON LORENZO

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32".

34. At all times mentioned herein, plaintiff RAMON LORENZO, is the lawful wedded husband of plaintiff, TERESITA SANTIAGO.

35. That solely and directly of the aforesaid, plaintiff, RAMON LORENZO, lost the love, services, society, companionship and consortium of his lawful wedded wife all to his damage in the sum of FIVE MILLION ($5,000,000.) DOLLARS.

36. That solely and directly of the aforesaid, plaintiff, RAMON LORENZO, lost the love, services, society, companionship and consortium of his lawful wedded wife all to his damage in an amount that exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAREN SANTIAGO DIAZ

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36".

38. At all times mentioned herein, plaintiff, KAREN SANTIAGO DIAZ, is an infant, being under the age of eighteen years.

39. At all times mentioned herein, plaintiff, TERESITA SANTIAGO, is the mother and natural guardian of the infant plaintiff, KAREN SANTIAGO DIAZ.

40. That on or about August 28, 2006, on I87 (Northway), within or near Elizabethtown, New York, plaintiff, KAREN SANTIAGO DIAZ, was a passenger in the aforementioned bus.

41. That plaintiff, KAREN SANTIAGO DIAZ, was not in any manner contributorily negligent herein.

42. That solely and directly by reason of the foregoing, the infant Plaintiff, KAREN SANTIAGO DIAZ, sustained serious injuries as same are defined by §5102(d) of the

Insurance Law of the State of New York and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

43.  That Plaintiff, KAREN SANTIAGO DIAZ, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

44.  That solely and directly by reason of the foregoing, Plaintiff, KAREN SANTIAGO DIAZ, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings and has sustained psychiatric and emotional distress, all to her damage in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

45.  That solely and directly by reason of the foregoing, Plaintiff, KAREN SANTIAGO DIAZ, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings all to her damage in an amount that exceeds the jurisdictional limits of all lower Courts.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF HENRY LORENZO**

46.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45".

47.  At all times mentioned herein, plaintiff, HENRY LORENZO, is an infant, being under the age of eighteen years.

48.  At all times mentioned herein, plaintiff, TERESITA SANTIAGO, is the mother and natural guardian of the infant plaintiff, HENRY LORENZO.

49. That on or about August 28, 2006, on I87 (Northway), within or near Elizabethtown, New York, plaintiff, HENRY LORENZO, was a passenger in the aforementioned bus.

50. That plaintiff, HENRY LORENZO, was not in any manner contributorily negligent herein.

51. That solely and directly by reason of the foregoing, the infant Plaintiff, HENRY LORENZO, sustained serious injuries as same are defined by §5102(d) of the Insurance Law of the State of New York and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

52. That Plaintiff, HENRY LORENZO, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

53. That solely and directly by reason of the foregoing, Plaintiff, HENRY LORENZO, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings and has sustained psychiatric and emotional distress, all to his damage in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

54. That solely and directly by reason of the foregoing, Plaintiff, HENRY LORENZO, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings all to her damage in an amount that exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION
## <u>ON BEHALF OF PLAINTIFF TERESITA SANTIAGO</u>

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "54".

56. That solely and directly as a result of the aforesaid, plaintiff, TERESITA SANTIAGO, has lost the love, services, society and companionship of her infant daughter, KAREN SANTIAGO DIAZ, all to her damage in the sum of ONE MILLION ($1,000,000.) DOLLARS.

57. That solely and directly as a result of the aforesaid, plaintiff, TERESITA SANTIAGO, has lost the love, services, society and companionship of her infant daughter, KAREN SANTIAGO DIAZ, all to her damage in an amount that exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SIXTH CAUSE OF ACTION
## <u>ON BEHALF OF PLAINTIFF TERESITA SANTIAGO</u>

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "57".

59. That solely and directly as a result of the aforesaid, plaintiff, TERESITA SANTIAGO, has lost the love, services, society and companionship of her infant son, HENRY LORENZO, all to her damage in the sum of ONE MILLION ($1,000,000.) DOLLARS.

60. That solely and directly as a result of the aforesaid, plaintiff, TERESITA SANTIAGO, has lost the love, services, society and companionship of her infant daughter, KAREN SANTIAGO DIAZ, all to her damage in an amount that exceeds the jurisdictional limits of all lower Courts.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

First Cause of Action: TWENTY FIVE MILLION ($25,000,000.00) DOLLARS and/or General Prayer for Money Damages,

Second Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS and/or General Prayer for Money Damages

Third Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS and/or General Prayer for Money Damages,

Fourth Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS and/or General Prayer for Money Damages

Fifth Cause of Action: ONE MILLION ($1,000,000.00) DOLLARS and/or General Prayer for Money Damages

Sixth Cause of Action: ONE MILLION ($1,000,000.00) DOLLARS and/or General Prayer for Money Damages

together with costs and disbursements of this action.

Dated: New York, N.Y.
      September 14, 2006

                                        TAUB AND MARDER
                                        Attorneys for Plaintiff

                                        _____
                                        KENNETH MARDER (0304)
                                        450 Seventh Avenue
                                        37th Floor
                                        New York, N.Y. 10123
                                        (212) 967-1122

## ATTORNEY'S VERIFICATION

KENNETH MARDER, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney with the office of Taub and Marder, attorneys for Plaintiffs. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

DATED:   New York, N.Y.
         September 14, 2006

_____
KENNETH MARDER (0304)

Index No.                                       Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERESITA SANTIAGO, RAMON LORENZO
And TERESITA SANTIAGO as the Mother and
Natural guardian of KAREN SANTIAGO DIAZ
and HENRY LORENZO, infants,

Plaintiffs,

- against -

GREYHOUND LINES, INC.,

Defendant.

---

COMPLIANT

---

**TAUB AND MARDER**
Attorneys for Plaintiff
450 SEVENTH AVENUE
37TH FLOOR
NEW YORK, N.Y. 10123
(212) 967-1122
Fax # 212-967-2105* (*Not for service of papers)

To
Attorneys for

---

Service of a copy of the within _____ is hereby admitted.

Dated,

Attorneys(s) for

---

**PLEASE TAKE NOTICE**

☐ that the within is a (certified) true copy of a
entered in the office of
the clerk of the within named Court on

☐ that an Order of which the within is a true copy
will be presented for settlement to the
Honorable          one of
the judges of the within named Court, at
on
, at

Dated:

**TAUB AND MARDER**
Attorneys for
450 SEVENTH AVENUE
37TH FLOOR
NEW YORK, N.Y. 10123

To
Attorneys(s) for

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: _____

_____
Print signer's name

**TAUB AND MARDER**
Attorneys for
450 SEVENTH AVENUE
37TH FLOOR
NEW YORK, N.Y. 10123

To
Attorneys(s) for

ALL-STATE INTERNATIONAL, INC.