USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/29/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KIRSTEN ANDERSON,

                    Plaintiff,

      -against-

GREYHOUND LINES, INC., et al.,

                    Defendants.

------------------------------------------------------------X

06 Civ. 13371 (GBD) (DF)

(consolidated cases)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    Currently before the Court is a motion by third-party defendant Goodyear Tire & Rubber Company ("Goodyear") to preclude all other parties from submitting expert reports as to Goodyear's liability, and from presenting such expert testimony at trial. (*See* Letter to the Court from Alan D. Kaplan, Esq., dated June 11, 2010 (Dkt. 168).) Defendant Greyhound Lines, Inc. ("Greyhound") has opposed the motion (*see* Letter to the Court from Kevin B. Pollak, Esq., dated June 23, 2010 (Dkt. 169)), and Goodyear has submitted a reply (*see* Letter to the Court from Alan D. Kaplan, Esq., dated June 28, 2010 (Dkt. 170)). For the reasons set forth herein, the motion is denied, without prejudice to renew if the modified discovery schedule set forth herein is not met.

    By way of background, the Court notes that, on January 22, 2010, when it extended the deadline for all expert discovery to July 30, 2010, it did not reset interim deadlines for the production of expert reports, but rather directed the parties "to confer promptly and in good faith to work out a schedule for the completion of all . . . discovery by that date." (Dkt. 136.) With respect to expert reports, it appears that the parties have failed entirely to confer, either promptly

or in good faith, to work out such a schedule. At this point, only a month remains before the discovery cut-off, and, as far as the Court is aware, no party has served disclosures from any liability expert. This is unacceptable, as service of an expert report at this date would not afford any opposing party a meaningful opportunity to serve a responsive report or to conduct expert depositions. The Court has no desire to reward any party's stalling or its failure to engage in good faith conference.

Nonetheless, preclusion is a severe sanction, and Goodyear has not actually shown that any party has failed to meet a particular deadline set by the Court. At most, Goodyear has argued that, in the absence of a deadline for expert disclosures having been set by the Court, Goodyear was entitled – unilaterally – to set such a deadline, and then, when the other parties did not produce their disclosures on that date, it was entitled to seek sanctions. While Goodyear may have acted responsibly in raising the issue of a schedule, it did not have the authority to impose its own deadlines or the right to seek enforcement of deadlines that were not part of the Court's Order.

As for Greyhound, which is the only party that opposed Goodyear's motion (and thus, the Court assumes, the only party that may actually wish to produce a liability expert report on any affirmative claim against Goodyear), its opposition makes the point that it has not actually missed a Court-ordered deadline, but it neglects to provide any explanation as to why, at this late date, it has not yet produced any expert report(s) or when it expects to do so. Under the circumstances, while the Court will still afford Greyhound an opportunity to make its expert disclosures, its timetable for doing so will necessarily be a short one.

Accordingly, if Greyhound wishes to introduce at trial the testimony of a liability expert on its affirmative claims against Goodyear or any other party, then Greyhound is directed to

produce its expert report(s) no later than July 9, 2010. Responsive reports, if any, shall be served no later than August 13, 2010. Rebuttal reports, if any, shall be served no later than August 20, 2010. All expert discovery as to liability shall be completed no later than September 3, 2010.

Except as set forth above or as otherwise permitted by this Court's January 22, 2010 Order, the deadline for the completion of discovery in this action remains July 30, 2010. Further, if Greyhound does not produce its liability expert report(s) by July 9, 2010, this Court will recommend to Judge Daniels that Greyhound be precluded from offering the testimony of any liability expert at trial.

Dated: New York, New York
       June 29, 2010

                                          SO ORDERED

                                          _____
                                          DEBRA FREEMAN
                                          United States Magistrate Judge

Copies to:

All counsel (via ECF)